265 F.2d 123
 105 U.S.App.D.C. 139
 UNITED STATES of America, Appellant,
v.
Margaret BAKER, Administratrix, Estate of Dot John Baker,
deceased, et al., Appellees.
UNITED STATES of America, Appellant,
v.
Vergie Ellen LEWIS, Appellee.
UNITED STATES of America, Appellant,
v.
Percy WALLER, Appellee.
 Nos. 14553-14555.
 United States Court of Appeals District of Columbia Circuit.
 Argued Jan. 6, 1959.
Decided March 5, 1959.
 
 Mr. David N. Webster, Atty, Dept. of Justice, for appellant. Asst. Atty. Gen., George C. Doub, Messrs. Oliver Gasch, U.S. Atty., and Morton Hollander, Atty. Dept. of Justice, were on the brief for appellant.
 Mr. J. Joseph Barse, Washington, D.C., for appellees. Messrs, H. Mason Welch and J. Harry Welch, Washington, D.C., also entered appearances for appellees.
 BAZELON, FAHY, and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 These appeals bring before us a judgment against the United States in the same three actions in the District Court, under the Federal Tort Claims Act, 28 U.S.C. 1291, 1346(b), 2674 (1952), which were before us in Baker v. United States, and related cases, 97 U.S.App.D.C. 281, 230 F.2d 831. Those appeals questioned a judgment in favor of the United States. We remanded for reconsideration in light of Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761, under which the law of Virginia, where the accident occurred, would control the question of 'scope of employment' of the serviceman driving the government vehicle which collided with another vehicle, resulting in the death and injuries involved in the three actions.
 
 
 2
 On reconsideration the District Court, applying the Virginia rule, held that the factual situation gave rise to a presumption that the serviceman driver was acting within the scope of his employment by the United States at the time of the collision. The United States contends that the presumption was rebutted by uncontradicted evidence and, therefore, that the presumption dropped out of the case, leaving other testimony decisive against appellees on the issue of scope of employment. We think we are not warranted on appellate review of the trial court's analysis of the testimony in his findings and conclusions in holding that the evidence relied on to rebut the presumption that the serviceman driver was acting within the scope of his employment was uncontradicted and necessarily overcame the presumption.
 
 
 3
 Affirmed.